
FILED
APR 17 2013
Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 04-87-BLG-RFC |
| | CV 11-78-BLG-RFC |
| Plaintiff/Respondent, | |
| vs. | ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE |
| ISAAC NATHAN KIMBER, | OF APPEALABILITY |
| Defendant/Movant. | |

On April 6, 2012, Defendant/Movant Isaac Kimber ("Kimber"), a federal prisoner proceeding with counsel, filed an amended motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. The motion was occasioned by my finding on the record, after the trial of Kimber's co-defendants Garcia and Green, that no reasonable juror could have found Kimber was a member of Garcia's conspiracy after October 6, 2003. Order (doc. 492) at 18.

Kimber and 12 others were charged in a 25-count Superseding Indictment (doc. 91). Only the following counts are relevant here:

1

Count 1      Kimber and others conspired to possess more than 500 grams of a substance containing methamphetamine, with intent to distribute, from April through December, 2003, a violation of 21 U.S.C. §§ 846 and 841(a)(1);

Count 20     Kimber and others possessed more than 500 grams of a substance containing methamphetamine (and 150 grams of actual methamphetamine), with intent to distribute, between October 4 and October 6, 2003, a violation of 21 U.S.C. § 841(a)(1);

Count 21     Kimber and others possessed firearms including two Highpoint handguns in furtherance of drug trafficking between October 4 and October 6, 2003, a violation of 19 U.S.C. § 924(c);

Count 22     Kimber possessed 4.2 grams of a substance containing methamphetamine, with intent to distribute, on December 9, 2003, a violation of 21 U.S.C. § 841(a)(1); and

Count 23     Kimber possessed three firearms in furtherance of Count 20 on or about December 9, 2003, a violation of 18 U.S.C. § 924(c).

Kimber pled guilty to Counts 1 and 23. Minutes (doc. 230).[1] He was sentenced to serve ten years on Count 1 and a consecutive five-year term on Count 23. The Count 23 conviction is the one at issue.

Kimber claims that, despite his guilty plea, he is actually innocent of possessing firearms in furtherance of a drug trafficking crime. A claim of actual innocence is the only basis he has alleged for equitable tolling of the long-expired statute of limitations. 28 U.S.C. § 2255(f)(1). He must prove "it is more likely than

---

[1] Kimber was also charged in Count 15 with drug trafficking, and a *Pinkerton* theory was pled as to all counts. Those charges are not relevant to the discussion here.

not that *no* reasonable juror would have found him guilty beyond a reasonable doubt." *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc) (emphasis added) (stating test for showing actual innocence under *Schlup v. Delo*, 513 U.S. 298 (1995)). "The habeas court must make its determination concerning the petitioner's innocence in light of all the evidence, including that alleged to have been illegally admitted[,] but with due regard to any unreliability of it[,] and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Schlup*, 513 U.S. at 328 (internal quotation marks and parentheses omitted).

A court "cannot fairly adopt a per se rule excluding all possibility that a defendant's representations at the time his guilty plea was accepted were so much the product of such factors as misunderstanding, duress, or misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for imprisonment." *Blackledge v. Allison*, 431 U.S. 63, 75 (1977). Consequently, the United States was ordered to file an Answer.

The transcript of the change of plea hearing makes clear that everyone at the hearing thought Kimber's plea to Count 23 was really connected with his plea to Count 1. Kimber said, "I possessed firearms in furtherance of a drug-trafficking crime, which was the 4.2 grams of methamphetamine." Change of Plea Tr. at 35:19-21. The phrase "4.2 grams of methamphetamine" refers to Count 22, not Count 20,

3

but the grand jury alleged Count 20, not Count 22, as the predicate for Count 23. No one pointed this out before, either at the change of plea hearing or in between the original and the superseding indictments, because no one thought it was important. And no one thought it was important because everyone assumed that one big, overarching conspiracy subsumed all the substantive counts, whether they occurred in July, October, or December. The grand jury specifically found that Kimber's possession of firearms on December 9, 2003, was an act in furtherance of the Count 1 conspiracy. *See* Superseding Indictment at 6 ¶ 22. I was assuming there was an overarching conspiracy when I asked Kimber whether he possessed firearms "during the existence of this conspiracy" or "in relation to the charged conspiracy in Count 1." Change of Plea Tr. at 33:7-10, 35:22-36:3. The United States did not even attempt to correct my statements, because it agreed with them. The United States offered *no proof at all* at the change of plea hearing that Kimber intended to distribute the 4.2 grams of methamphetamine found in his possession on December 9, 2003. It did not think it needed to do that, because it figured that methamphetamine was linked with the Count 1 conspiracy, and Kimber was pleading guilty to that. That is all it said in support of the plea to Count 23. Change of Plea Tr. at 38:6-12 ("The conspiracy was ongoing.").

Under these circumstances, the United States was required to introduce or point

4

out some evidence to show that Kimber was in fact trafficking in drugs on or about December 9, 2003. On December 12, 2012, it did so. Resp. to Order (doc. 802) at 7-8.

When Kimber was arrested at 2:58 a.m., *see* 2 Trial Tr. at 509:13-16, he had only 4.2 grams of methamphetamine in his possession. That quantity is only a slightly oversized eight-ball, and Kimber was a heavy user. Apparently he was using half-ounce quantities – over 14 grams – by the time he was arrested. Presentence Report ¶ 124. But he also possessed three firearms, a digital scale, a crank pipe, baggies, walkie talkies, $451 in cash, and a "Radio Shack scanner." Police Report (doc. 802-1) at 3.[2] One of the firearms was a Glock under the driver's seat, loaded, with 13 rounds in the magazine and one in the chamber. Kimber was the driver. Kimber Aff. (doc. 744-3) at 3 ¶ 20; 2 Trial Tr. at 497:14-509:21; Presentence Report ¶ 55; Police Report at 2; Mot. to Suppress Ex. (doc. 165-1 at 5) (Feuerstein report).

No doubt some of those items may be explained away. Reply (doc. 804) at 2; *but see* Mot. to Suppress Ex. (doc. 165-1 at 9) (handwritten Wanchena report) (stating that Kimber said the car belonged to someone else but he was in the process of buying it). No doubt Kimber is correct that the police report shows "only a small

---

[2] At trial, the prosecutor referred to the scanner as a money scanner. 2 Trial Tr. at 499:6-18, 503:10-12. Whether it was a police scanner or a money scanner does not make much difference.

portion of the true case." *Id.* But taken as a whole, the items are greater than the sum of their parts, and even a small portion of a loaded Glock hidden under a driver's seat is a big deal. Users generally do not require that type of ready protection. Together, these items are compelling evidence of both intent to distribute and of a "nexus between possession of the firearm and the drug crime." *United States v. Thongsy*, 577 F.3d 1036, 1041 (9th Cir. 2009).

Further, Kimber admitted to the probation officer that he "sold drugs to support his own habit and that he would sometimes be fronted drugs." He charged "$20 for 1/4 gram, $100 per gram, and $300 for an 8-ball, or 7.35 grams." Presentence Report ¶ 124. An eight-ball is not 7.35 grams, but the prices are more or less standard, and Kimber clearly admitted selling methamphetamine. As *Schlup* says, the habeas court must take into account all the evidence in the case. Kimber's statements must be considered with all the evidence.

Finally, Kimber does not and could not claim no reasonable juror could find him guilty of carrying firearms in the course of the Count 1 conspiracy, which ended in October 2003. The United States dismissed Count 21 as part of its plea agreement with Kimber, but he could have been convicted on that count and subjected to the same penalty he received on Count 23 even if he established actual innocence as to Count 23. *See, e.g.*, Superseding Indictment (doc. 91) at 13 (Count 21); Plea

portion of the true case." *Id.* But taken as a whole, the items are greater than the sum of their parts, and even a small portion of a loaded Glock hidden under a driver's seat is a big deal. Users generally do not require that type of ready protection. Together, these items are compelling evidence of both intent to distribute and of a "nexus between possession of the firearm and the drug crime." *United States v. Thongsy*, 577 F.3d 1036, 1041 (9th Cir. 2009).

Further, Kimber admitted to the probation officer that he "sold drugs to support his own habit and that he would sometimes be fronted drugs." He charged "$20 for 1/4 gram, $100 per gram, and $300 for an 8-ball, or 7.35 grams." Presentence Report ¶ 124. An eight-ball is not 7.35 grams, but the prices are more or less standard, and Kimber clearly admitted selling methamphetamine. As *Schlup* says, the habeas court must take into account all the evidence in the case. Kimber's statements must be considered with all the evidence.

Finally, Kimber does not and could not claim no reasonable juror could find him guilty of carrying firearms in the course of the Count 1 conspiracy, which ended in October 2003. The United States dismissed Count 21 as part of its plea agreement with Kimber, but he could have been convicted on that count and subjected to the same penalty he received on Count 23 even if he established actual innocence as to Count 23. *See, e.g.*, Superseding Indictment (doc. 91) at 13 (Count 21); Plea

portion of the true case." *Id.* But taken as a whole, the items are greater than the sum of their parts, and even a small portion of a loaded Glock hidden under a driver's seat is a big deal. Users generally do not require that type of ready protection. Together, these items are compelling evidence of both intent to distribute and of a "nexus between possession of the firearm and the drug crime." *United States v. Thongsy*, 577 F.3d 1036, 1041 (9th Cir. 2009).

Further, Kimber admitted to the probation officer that he "sold drugs to support his own habit and that he would sometimes be fronted drugs." He charged "$20 for 1/4 gram, $100 per gram, and $300 for an 8-ball, or 7.35 grams." Presentence Report ¶ 124. An eight-ball is not 7.35 grams, but the prices are more or less standard, and Kimber clearly admitted selling methamphetamine. As *Schlup* says, the habeas court must take into account all the evidence in the case. Kimber's statements must be considered with all the evidence.

Finally, Kimber does not and could not claim no reasonable juror could find him guilty of carrying firearms in the course of the Count 1 conspiracy, which ended in October 2003. The United States dismissed Count 21 as part of its plea agreement with Kimber, but he could have been convicted on that count and subjected to the same penalty he received on Count 23 even if he established actual innocence as to Count 23. *See, e.g.*, Superseding Indictment (doc. 91) at 13 (Count 21); Plea

Agreement (doc. 224) (sealed) at 12 ¶ 15; Order (doc. 492) at 6-12, 17-18; 2 Trial Tr. at 300:11-301:19, 309:20-310:13; 3 Trial Tr. at 611:19-612:17; *Bousley v. United States*, 523 U.S. 614, 624 (1998).

It does not matter whether there were grounds for a motion to suppress, *see Schlup*, 513 U.S. at 328, or whether a reasonable person in Kimber's shoes might have chosen to test the evidence at trial rather than pleading guilty, or whether a reasonable juror might have retained reasonable doubt. A reasonable juror could have found him guilty beyond a reasonable doubt of trafficking on December 9, 2003, and could have found that he possessed the Glock to embolden himself or protect his business. A reasonable juror could also find that Kimber was guilty of Count 21, which was dismissed pursuant to the plea agreement.

There is no need to proceed any further. Kimber's claim must be denied.

Kimber is not entitled to a certificate of appealability, 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), because he has not made a substantial showing that he is actually innocent of using or carrying a firearm during a drug trafficking crime, either during the course of the Count 1 conspiracy or after it ended, and he has not carried the burden imposed by *Bousley v. United States*, 523 U.S. 614, 624 (1998).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Kimber's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (docs. 743, 767) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Kimber files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 11-78-BLG-RFC are terminated and shall close the civil file by entering judgment in favor of the United States and against Kimber.

DATED this 12th day of April, 2013.

/s/ Richard F. Cebull
Richard F. Cebull
United States District Court